UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| MICHAEL ROBBINS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CAUSE NO. 1:16-cv-00334-SLC |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Plaintiff Michael Robbins brought this suit to contest a denial of disability benefits by Defendant Commissioner of Social Security ("Commissioner"). (DE 1). On July 14, 2017, pursuant to a joint motion to remand by the parties, this Court entered an Order that reversed the Commissioner's denial of benefits and remanded the case for further proceedings. (DE 23; DE 24).

On October 11, 2018, Robbins's attorney, Adriana de la Torre, moved pursuant to 42 U.S.C. § 406(b) for the Court's authorization of attorney fees in the amount of $20,382.75 for her representation of Robbins in federal court. (DE 29). The Commissioner filed a response indicating that the parties have conferred regarding the motion and agreed to reduce the requested fee to $14,382.75, in light of the Commissioner's payment of $6,000 to the non-attorney representative at the administrative level. (DE 34).

For the following reasons, de la Torre's motion for attorney fees will be GRANTED in the amount of $14,382.75, subject to an offset explained herein.

**A. Factual and Procedural Background**

On September 2, 2016, de la Torre entered into a Social Security Disability Application

Fee Agreement with Robbins for her representation of Robbins in federal court. (DE 29-2). The agreement provided that de la Torre was "entitled to a fee equal to the lesser of: (1) twenty-five percent (25%) of the past-due benefits owed to [Robbins] and [his] dependents, if applicable; or (2) the maximum amount set by the [Commissioner] pursuant to Section 26 of the Social Security Act . . . ."[1] (DE 29-2).

On September 19, 2016, Robbins filed the instant action with this Court, appealing the Commissioner's denial of his application for disability benefits. (DE 1). On July 13, 2017, the Commissioner filed an agreed motion to reverse and remand Robbins's case to the Commissioner. (DE 23). The following day, the Court granted the Commissioner's motion, and the case was remanded to the Commissioner for further proceedings. (DE 24; DE 25).

On August 8, 2017, Robbins and the Commissioner filed a joint motion for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, seeking payment for the hours that de la Torre spent advocating Robbins's claim in federal court. (DE 26). Pursuant to the parties' stipulation, the Court granted Robbins an EAJA fee award of $6,555. (DE 27).

On or about June 12, 2018, the Commissioner issued Robbins a notice of award, informing him that he was entitled to disability benefits as of December 2013. (DE 29-1). The notice of award further stated that the Commissioner was withholding $20,382.75, which was 25% of Robbins's past-due benefits, to pay Robbins's attorney. (DE 29-1).

About four months later, on October 11, 2018, de la Torre filed the instant motion, seeking fees under § 406(b) in the amount of $20,382.75. (DE 29; DE 30). On November 6, 2018, the Commissioner filed a response, indicating that the parties had since agreed to reduce de la Torre's requested fee to $14,382.75 in light of the Commissioner's payment of $6,000 to

---

[1] The most common fee arrangement between attorneys and Social Security claimants is the contingent fee agreement. *Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002).

the non-attorney representative at the administrative level. (DE 34).

## B. Legal Standard

Fees for representing Social Security claimants, both administratively and in federal court, are governed by 42 U.S.C. § 406. *Gisbrecht*, 535 U.S. at 793-94. Section 406(a) controls fees for representation in administrative proceedings, and § 406(b) controls attorney fees for representation in court. *Id*. Unlike fees obtained under the EAJA,[2] the fees awarded under § 406 are charged against the claimant, not the government. *Id*. at 796.

Under § 406(a), an attorney who has represented a claimant may file a fee petition or fee agreement with the Commissioner to receive fees for his or her representation at the administrative level. 42 U.S.C. § 406(a); *Gisbrecht*, 535 U.S. at 794-95; 20 C.F.R. §§ 404.1725(a), 416.1525(a). There are, however, limits on the amount that the Commissioner can award pursuant to § 406(a). *Gisbrecht*, 535 U.S. at 794-95.

Under § 406(b), an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ."[3] 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 795. Furthermore, § 406(b) has been harmonized with the EAJA; although fee awards may be made under both the EAJA and § 406(b), a claimant's attorney must refund to the claimant the amount of the smaller fee that the attorney received. *Gisbrecht*, 535 U.S. at 796 (explaining that "an EAJA award offsets an award under Section 406(b)").

---

[2] The EAJA is a fee-shifting statute wherein the government pays attorney fees to a prevailing party when the government's position was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A).

[3] "Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense." *Gisbrecht*, 535 U.S. at 796 (citing 42 U.S.C. §§ 406(a)(5), (b)(2); 20 C.F.R. §§ 404.1740-1799).

Unlike the award by the Commissioner under § 406(a), the Court is required under § 406(b) to review for reasonableness the attorney fees yielded by contingent fee agreements. *Id*. at 809. The Supreme Court has explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved.

*Id*. at 807-08 (citations and footnotes omitted).

### C. Discussion

The Court is charged with determining whether de la Torre's requested fee of $14,382.75 under the contingent fee agreement and § 406(b) is "a reasonable fee for such representation, not in excess of 25 percent of [Robbins's] total past-due benefits . . . ." 42 U.S.C. § 406(b)(1)(A). Here, because the Commissioner's notice of award states that $20,382.75 was 25% of Robbins's past-due benefits (DE 29-1), the Court is satisfied that de la Torre's fee request does not run afoul of 42 U.S.C. § 406(b)(1)(A).

De la Torre contends that her requested fee award of $14,382.75 is reasonable for the 34.5 hours she spent representing Robbins in federal court. She emphasizes that she achieved a favorable result for Robbins and that the requested fee is in alignment with awards granted in other cases in this district. (DE 30).

De la Torre did obtain a good result for McGraw. *See Gisbrecht*, 535 U.S. at 808; *Brown v. Barnhart*, 270 F. Supp. 2d 769, 772 (W.D. Va. 2003) (considering in a § 406(b) analysis that counsel had handled 900 or more Social Security cases and achieved a large

measure of success for his client). Having said that, this case was not particularly complex, as de la Torre advanced essentially four relatively-routine arguments on appeal.[4] (DE 15); *see Schaffner v. Comm'r of Soc. Sec.*, No. 1:07-cv-00567, 2010 WL 3894580, at *2 (S.D. Ohio Sept. 7, 2010) (considering when discounting a lawyer's § 406(b) fee request that the legal work performed, while not entirely "boilerplate," was relatively straightforward and routine, requiring no extensive legal analysis); *Ellick v. Barnhart*, 445 F. Supp. 2d 1166, 1173 (C.D. Cal. 2006) (discounting requested § 406(b) fee where because the issues briefed "were neither novel nor complex").

The Court further notes that de la Torre did not request any extensions during the briefing process.[5] Thus, de la Torre did not contribute to any unreasonable delay in this case. *See Gisbrecht*, 535 U.S. at 808.

De la Torre's requested fee of $14,382.75 divided by the 34.5 hours she spent on the case in federal court equates to an effective rate of $416.89 per hour.[6] As such, de la Torre's requested fee equates to an effective rate well within the range of awards approved by this Court. *See, e.g.*, *Rorick v. Colvin*, No. 1:11-CV-00037, 2014 WL 3928488 (N.D. Ind. Aug. 12, 2014)

---

[4] On appeal, Robbins challenged the ALJ's finding at step two that some of his impairments were not severe; the ALJ's finding at step three that he did not have an impairment or combination of impairments that met or equaled a listing; the limitations assigned in residual functional capacity; and the ALJ's discounting of his symptom testimony. (DE 15 at 11-25).

[5] The Commissioner requested and received two 28-day extensions and one 14-day extension after Robbins filed his opening brief. (DE 16-DE 22).

[6] While the Supreme Court in *Gisbrecht* rejected the lodestar approach (which incorporates consideration of a reasonable hourly rate for an attorney) as a starting point to determine the reasonableness of a fee request under § 406(b), *see Gisbrecht*, 535 U.S. at 802, 808, certain aspects of a lodestar approach remain in the calculus; as a result, "[d]istrict courts are left to determine how much of the lodestar approach is still viable." *Brannen v. Barnhart*, No. 1:99-CV-325, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004); *see Jeter v. Astrue*, 622 F.3d 371, 381 (5th Cir. 2010) ("[D]istrict courts may consider the lodestar method in determining the reasonableness of a § 406(b) fee, but the lodestar calculation alone cannot constitute the basis for an 'unreasonable' finding."). De la Torre argued in her supporting memorandum that her requested effective hourly rate is reasonable; consequently, rather than endorsing a strict lodestar approach, the Court is merely responding to de la Torre's argument concerning her proposed effective rate and considering it as one factor in the analysis. *See Gisbrecht*, 535 U.S. at 807 n.17 (emphasizing that the attorney bears the burden to persuade the Court that the requested fee is reasonable).

5

(awarding fee equating to $653.79 per hour); *Harris v. Colvin*, No. 1:11-CV-00405, 2014 WL 3899312 (N.D. Ind. Aug. 11, 2014) (awarding fee equating to $647.61 per hour).

Ultimately, "if a claimant's success on appeal can be attributed to his attorney's endeavors before the district court, then that attorney should reap the benefit of [her] work— even if [s]he managed to accomplish a great deal in a small window of time." *Jeter*, 622 F.3d at 381. De la Torre has made a convincing case that the favorable result she achieved for Robbins was due to her effective and efficient representation, rather than due to "some other source for which it would be unreasonable to compensate the attorney." *Id*. (citing *Gisbrecht*, 535 U.S. at 808). The Court should "not read *Gisbrecht*'s 'windfall' as support for the proposition that experienced, competent counsel should be punished for accomplishing an arduous task in a shorter span of time than less-experienced, less-aggressive counsel." *Id*. at 380-81.

Accordingly, de la Torre's requested fee award under § 406(b) will be authorized by this Court in the amount stipulated to by the Commissioner, $14,382.75, but will incorporate an offset for the $6,555 in EAJA fees that de la Torre already recovered, reducing the fee award to $7,827.75. (DE 30 at 3 (acknowledging that her § 406(b) award is reduced by the EAJA award of $6,555)); *see Gisbrecht*, 535 U.S. at 796. The Commissioner is to release the remaining amount withheld from Robbins's past-due benefits ($6,555) to Robbins.

### D. Conclusion

For the foregoing reasons, de la Torre's Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b) (DE 29) is GRANTED in the amount stipulated to by the Commissioner, $14,382.75 (DE 34), except that her requested fee is reduced to $7,827.75 to offset her prior award of EAJA fees in the amount of $6,555. The Commissioner is to release the

6

remaining amount withheld from Robbins's past-due benefits ($6,555) to Robbins.

SO ORDERED.

Entered this 28th day of November 2018.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge